Good morning, Justices. My name is Bruce Altschuld, and I'll be presenting the issues this morning on my own behalf. I'm going to make my opening statement brief. It's a narrow issue in the briefs, and I'm going to reserve five minutes of rebuttal but present this briefly. In Metabolife, cited in the case 264, Fed 3rd, 832, the Ninth Circuit held that the discovery-limiting aspects of the anti-SLAPP statute do not apply in federal court because it would be a state court statute overriding a federal statute, and the law tells us that that's impermissible. In South Sutter, LLC, that case tells us that the appeal, strike that, the appeal, the post-dismissal hearing on attorney fees is a statutory anomaly even under state law. So I ask the question to this Court, if this case is dismissed under 41A1I completely, fully, and unequivocally, no issues remaining, how can a where the federal statute clearly states none exists? The district court --- What statute tells us that jurisdiction doesn't exist? Under 41A1I. 41 is not a jurisdictional statute, a statute that provides for dismissal of cases. But it's not, it doesn't go, it doesn't say a word about jurisdiction. It doesn't, but the second, the case authority- And the district court clearly had jurisdiction over the case before it entertained the 41, the Rule 41 dismissal, correct? The court doesn't entertain the 41AI dismissal. It's unilaterally filed by the plaintiff. Okay. But, but it had, but the court had jurisdiction, right? You filed this suit. You told the federal court that it had jurisdiction. You're not disputing that it had jurisdiction. It has jurisdiction up until that point in time that the 41- It has jurisdiction to decide all issues in the case until the case is final. The case is, I apologize, Your Honor.  But that's what Congress tells us, and that's what commercial management tells us. The language is clear in those cases. The court is stripped of jurisdiction to hear any further issues. So while Your Honor accurately says the statute doesn't provide that jurisdiction no longer exists, all the other authorities do say that's the effect of a dismissal. It unequivocally, it's unilateral. That plaintiff has that right to do that. I exercise that right. So what do you do with Cooter and Gell? Yes, Your Honor. Cooter and Gell comes up because the case still existed even after the dismissal. It was a dismissal of certain rights. So the jurisdiction with the district court stayed with the judge, with the district court, Your Honor. And when the court says that nothing in the language of Rule 41 or other statute or Federal rule terminates a district court's authority to impose sanctions after such a dismissal, and it is well established that a Federal court may consider collateral issues after an action is no longer pending? Yes, Your Honor. Those are Rule 11 sanctions. What difference does that make? It makes a clear difference. Rule 11 sanctions have a statutory authorization. Rule 11, plus Rule 11 sanctions are exactly what Cooter and Gell says, which is it's a collateral issue. It's not an issue going to the merits court. The fact is there are just, I can recite to you, dozens of situations where the court awards attorney's fees after the entry of judgment, because, you know, the motion for attorney's fees is made later. It happens all the time. It happens in antitrust cases, right, happens in contract cases, happens in all kinds of cases, you know, where the attorney's fees order is made after the case's judgment is entered. How is this case any different from, you know, from the great run of other cases where attorney's fees are entered after judgment? Because 41, there was a dismissal. We know there's a dismissal, but, you know, just the termination of the case like any other cases. Judge Bybee said that's not a jurisdictional statute. The commercial management and Moore's Federal practice tell us it is. It strips the court of jurisdiction. That's the quote. It does. It's a quote. Kennedy. So your whole argument is the court didn't have jurisdiction to award fees. Is that your? Ward fees under the anti-SLAPP statute. Under SLAPP. That's your entire argument. That's my argument as to that part of it. May I make argument? What's your best case for that proposition? Or give me a statute, give me a case that tells us that the district court was stripped of jurisdiction. Commercial space management versus Boeing, 193 Fed 3rd, 1074. What does it say? Rule 41A1I, dismissal, stripped a court of jurisdiction, citing to commercial space management versus Boeing. And what were they trying to, what were they trying to review? Is that the quote from the case? This is from commercial space management citing Moore's Federal practice. Once a notice of dismissal is without prejudice is filed, the court loses jurisdiction over the case and may not address the merits of an action or issue further orders. Sure. That's the merits. That's what Cooter and Gehl tells us is matters such as Rule 11, matters such as attorney's fees, are collateral issues. Thus, a Rule 41A1I dismissal strips a court of jurisdiction in a sense that it terminates the case all by itself. There is nothing left to adjudicate. That's what Cooter and Gehl tells us, that the court can always address collateral matters that may have come up, including attorney's fees or Rule 11 sanctions. But I think, yes, Your Honor, but I think Rule 11 sanctions and attorney fees are two different things. One is a collateral matter and the other isn't a collateral matter. And I think that's the position taken in the cases. As Judge Tashima has pointed out to you, there are all kinds of cases where attorney's fees are awarded after dismissal of a case. Your Honor, may I proceed to my second issue? Of course. Okay. The issue is whether there was a malicious prosecution in the underlying case, whether there was a case sufficient to defeat the anti-SLAPP statute. The district court held that, quote, taken as a whole, that I was not the prevailing party in the underlying action. I submit the following facts to Your Honors. The first allegation of my malpractice in the underlying case was that I improperly renewed the page v. Tadco judgment. In opening statement, in the underlying case, that was withdrawn. The alleged failure to improperly renew the judgment was an allegation of a $6 million error, because that was the value of the page versus Tadco judgment. But it was withdrawn in opening statement in the underlying case. Second allegation of malpractice was that... Well, wasn't judgment rendered against you? Yes, it was. And how can you say you're the prevailing party if judgment was rendered against you? Because there are discrete claims of legal malpractice that the underlying cross-complaint did not prevail on. They were significant. They were in the tens of millions of dollars. And even though there was a judgment that was entered, it was entered on a discrete, separate fact different from the other facts of malpractice, which that underlying cross-complaint did not succeed on. So that is how I would submit the argument to Your Honors. There were numerous allegations of legal malpractice. None of them succeeded. They were in the tens of millions of dollars. They involved three and four different cases. They involved allegations of failing to properly handle a real wealth versus gateway case, which was not true. Counselor, have you got any case in which somebody has prevailed on a malicious prosecution case in a case in which they lost? Your Honor, I think the cases tell us that each... You want us to break out each issue and say, well, I won on this one or they didn't prevail on this one and they did prevail on this, and therefore it's a mixed judgment and therefore I'm just bringing a malicious prosecution as to the matters on which they didn't prevail. Any case in which anybody has ever upheld malicious prosecution on that grounds. It seems to me that if it was malicious and frivolous at the time, you should have brought a Rule 11 claim at the time. Well, we were in State court at the time. Well, I'm sure that California has some equivalent of a Rule 11. Your Honor, I don't have any standing. I know maybe versus Hyatt tells us that the failure, the fact that a legal malpractice plaintiff succeeds on some of his claims but not all doesn't render those other claims that he doesn't succeed on in lacking malice. You can maliciously prosecute causes of action even though you succeed on one or two causes of action that you did not proceed maliciously, and that's maybe versus Hyatt and it's in my brief. That would be my response to Your Honor. I would have no greater authority than that other than that's what the case says and that seems to be the standard of law in California. Having said that, I would say, Your Honor, that, Your Honors, that therefore, the anti-SLAPP issuance of sanctions was unwarranted because they were not the prevailing party entirely on that claim. Okay. Thank you, Your Honors, for your time. Yes. You have used all of your time, but we also helped you use it. I'm going to afford you one minute for rebuttal. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. My name is Daryl Menthe and I represent Appellees William Wilson and Real Wealth Corporation in this matter. Some 20 years ago, California enacted its anti-SLAPP statute in order to reduce the chilling effect of meritless litigation on acts of free speech, and the California legislature believed that the fear of paying legal fees was chilling acts of free speech, and to do this, California gave defendants the right to attorney's fees in such cases if the court determined that the suit lacked even minimal merit. This Court held 15 years ago in the Newsham case that federal courts should apply California's anti-SLAPP statute in federal courts when sitting in diversity. I submit that Newsham was correctly decided under the Erie Doctrine, and its analysis applies just as well to the practice of awarding attorney's fees, where a plaintiff voluntarily dismisses a case while the anti-SLAPP motion is pending. The first step of the Erie Doctrine is to determine whether there is a direct collision between the state statute and the federal law. Well, that's not the issue, because that's not what he's challenging. He's challenging jurisdiction, right? And he's challenging, you know, whether or not it's proper to bring it for malicious prosecution when he prevailed on most of the claims. Those are the issues. Never mind all that background. Well, I think the jurisdictional claim he's making was meant to be an Erie challenge, because by itself, Rule 41 says nothing about lack of jurisdiction. Rule 41 does not say what happens after there's a voluntary dismissal. Well, what about the cases he cited? Well, those cases that, okay, the cases that he cited about losing jurisdiction, they don't bar the collateral actions that courts routinely take in awarding attorney's fees. That's why these Rule 11 cases are instructive. They tell us what happens afterward. There's a very good discussion, actually, by the Seventh Circuit in a case called SHABO, S-Z-A-B-O, food. Never mind the Federal Circuit. Do you have anything from the Ninth Circuit? It wasn't as well discussed there as far as the Ninth Circuit goes on jurisdiction. The Newsam case itself will do that for you. And Kuder and Gell, the U.S. Supreme Court, will tell us that, of course, we can hear collateral issues such as attorney's fees determinations after the end of a case. And if the Court is not particularly interested in the Erie question, I can move along to talking about, you may be interested in the Erie question, I do not know, the merits of the award itself and the slap motion. There's simply no case under California law that holds that little bits of a case that are determined on demur can give rise to a malicious prosecution action later. In Crowley and in Casa Herrera, we've heard the California Supreme Court speak clearly that there is one judgment at the end of a case, and if you don't have that judgment, you do not get to bring an action for malicious prosecution. The Maybe v. Hyatt case that was brought up here was a case where actually the plaintiff who brought the malicious prosecution action had won the entire action, obtained a judgment, and then afterward brought suit, and the question was, if all the causes of action were not malicious, could you bring suit? And the Court said, yes. As long as you have the judgment in your favor, you can bring suit only on the causes of action that were malicious. If some of them were not malicious, but you had the judgment in your favor, you won. And this is not a closed case. What's not being discussed here is that Mr. Altshuler, of course, brought the lawsuit below. He brought the lawsuit against Real Wealth and Wilson for unpaid fees. And Real Wealth brought a counterclaim for malpractice and won a $400,000 judgment. The fact that certain causes of action, certain things along the way did not make it to trial, has never been held to be a favorable determination for a malpractice case. So I don't think it's a closed decision. I think that the California Supreme Court and Jenkins v. Pope, I believe, will tell us that. It's also worth noting that when we speak of a favorable termination, it must be a favorable termination that indicates that the defendant is innocent of the wrongdoing alleged. It's that kind of a determination. That's what we get from Jaffe v. Stone. So any old dismissal won't do. So I have plenty of time left, but if the panel does not have additional questions on the eerie issue on the jurisdiction, I will waive the remainder of my time. Okay. Thank you, Mr. Manthe. Mr. Altshuler? I would take my one minute, Your Honor, by reading quotes from two cases, each one sentence each, and then I will submit. In Mabee v. Hyatt, that court says, Indeed, it would almost seem a mockery to hold that by uniting groundless accusation with those for which probable cause might exist, that defendants could thereby escape liability because of the injured party's inability to divide his damages between the two with delicate nicety. Such, we think, is not the law. Citing to Singleton v. Perry, We agree with the foregoing reasoning and conclude that plaintiff, having shown that defendant maliciously joined an unjustified charge with a justified charge, does not have the further burden of showing that her damage was specifically attributable to the malicious prosecution as opposed to the prosecution that was not malicious. So I submit to Your Honors, looking at the cross-complaint, looking at tens of millions of dollars of alleged damages, knowing that the cross-complainant, Real Wealth, had no basis to make those arguments, we submitted facts showing that they knew at the time they made the arguments they were groundless. We know they're groundless because the California... Mr. Altshuler, if we were to push this, there might be some unusual circumstances in which a court would want to divide those. But in a lot of cases, a court declines to reach certain issues because there's an obvious solution to something there. Doesn't this create the whole possibility of a secondary trial, sort of a trial about trials, when you bring a malicious prosecution case in a case in which you did not prevail in the judgment below? All of a sudden, now we're going to have to try again whether you might have prevailed had the court reached questions it didn't reach. Your Honor, that's not the point I'm making, although I understand that's the point you're making. My point is that the damages that were assessed, which I contend were improperly assessed, but which were assessed were in a distinct, different, factual pattern than the allegations that I successfully defeated. It's not so intertwined, I think, as Your Honor's question asks. They were separate, distinct facts, separate, distinct claims, all of which, at the time of filing, were frivolous. These were all brought as part of a counterclaim, is that right? A cross-complaint, yes, Your Honor. Yeah. We know that they were, and I would submit, Your Honor, as my final argument, the California Court of Appeal vindicated everything I did, which should have rendered the entirety of the cross-complaint without any basis. Real Wealth maintained the Page v. Tadko judgment from start to beginning. It was fully enforceable, and when the underlying, underlying judgment debtor sought to challenge it through the Court of Appeal and the trial court, lost it every occasion. Each and every occasion that underlying, underlying judgment debtor could not properly challenge the renewal of the judgment nor the assignment of the judgment. And that was known to Real Wealth at the time they presented their case and filed their case, and that's why it did not succeed on any of those claims. So I'd ask Your Honors to at least remand the case to the district court to determine whether that, those various different cases and those various different issues raised did provide my office with the ability to successfully defeat the anti-SLAPP motion, even if we decide, if Your Honors have decided that the assessment of the attorney fees is a collateral issue. They still have to pass the burden of showing they should have succeeded, and I don't think they did. So I thank you, Your Honors. Thank you.
judges: Farris, Tashima, Bybee